IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNIE FAGLIE, JR. and<br>PATTY FAGLIE,<br><br>Plaintiffs,<br><br>v.<br><br>MERITAGE HOMES OF TEXAS, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:12-cv-966-D (BF) |

## MEMORANDUM ORDER

Defendant Meritage Homes of Texas, LLC has filed a motion to compel discovery from

Plaintiffs Johnnie Faglie, Jr. and Patty Faglie in this removed civil action asserting claims for

violations of the Texas Deceptive Trade Practices-Consumer Protection Act, common law fraud,

negligent misrepresentation, and breach of contract. At issue are Plaintiffs' initial disclosures, which

Defendant contends have never been served, and objections to interrogatories and document requests

regarding alleged construction defects in the Burleson, Texas home Plaintiffs purchased from

Defendant in March 2009.   Although Plaintiffs answered the first two of Defendant's nine

interrogatories and produced some documents in response to Defendant's 52 document requests, they

objected that Defendant's seven remaining interrogatories exceeded the number of interrogatories

permitted by the Federal Rules of Civil Procedure and that Interrogatory Nos. 3, 4, 5, 6, and 7 and

Request for Production of Documents ("RFP") Nos. 5, 6, 11, 12, 14, and 17-52 were overly broad

and not reasonably calculated to lead to the discovery of admissible evidence. *See* Def. App., Exh.

C at 41-43 & Exh. D at 46-58. Plaintiffs further asserted that the information sought by Interrogatory

Nos. 3, 4, 5, 6, and 7 and RFP Nos. 9, 11, 15, and 47-51 would be provided in an expert report (*see id.*), but then failed to timely designate any experts or provide any such reports. Defendant contends that Plaintiffs' objections are without merit and should be overruled. Defendant seeks an order requiring Plaintiffs to serve their initial disclosures, answer Interrogatory Nos. 3-9, and produce documents responsive to RFP Nos. 5, 6, 9, 11, 12, 14, 15, and 17-52. Plaintiffs failed to file a response to Defendants' motion to compel. The Court therefore considers Defendant's motion without the benefit of a response.

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26(a) further requires a party to provide other parties with certain information regarding individuals and documents that the disclosing party may use to support its claims or defenses "without awaiting a discovery request." FED. R. CIV. P. 26(a)(1). If a party fails to make a required disclosure or otherwise fails to cooperate in discovery, any other party may move to compel the disclosure or discovery response. FED. R. CIV. P. 37(a)(3). Once the moving party establishes that the information and materials sought are within the scope of permissible discovery, the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. *See Nickell v. Flight Options, LLC*, No. 3-10-CV-1323-D, 2010 WL 3784497, at *2 (N.D. Tex. Sep. 27, 2010); *Spiegelberg Mfg., Inc. v. Hancock*, No. 3:07-CV-1314-G, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007).

The Court initially observes that Plaintiffs do not dispute their failure to make the initial disclosures required by Rule 26(a)(1). Nor do they offer any explanation or excuse for such failure. Plaintiffs are not entitled to simply ignore the plain disclosure requirements of the Federal Rules. Thus, Defendant's motion to compel is granted as to Plaintiffs' initial disclosures.

The Court further determines that Plaintiffs' objections to Defendant's written discovery requests are without merit and must be overruled. Defendant served nine interrogatories on Plaintiffs. *See* Def. App., Exh. A. Plaintiffs answered the first two interrogatories by identifying approximately 200 alleged construction defects and their suspected causes and, then, objected to the remaining seven interrogatories on grounds that each "exceeds the number of allowable written interrogatories pursuant to the Federal Rules of Civil Procedure." *Id.*, Exh. C at 41-43. Federal Rule of Civil Procedure 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1). A single interrogatory that seeks information about related aspects of a party's claim does not necessarily contain discrete subparts that must be counted separately for purposes of Rule 33. *See id.*, Adv. Comm. Note to 1993 Amendments; *see also Krawczyk v. City of Dallas*, No. 3:03-CV-0584D, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (interrogatory subparts are to be counted as discrete subparts only if they are not "logically or factually subsumed within and necessarily related to the primary question"). Here, Defendant's first interrogatory, which asked Plaintiffs to "[i]dentify each defect or damage at the Property for which [Plaintiffs] have asserted a claim," constitutes a single interrogatory. The interrogatory is not converted into multiple interrogatories because Plaintiffs' answer identifies multiple defects. The same is true for the other eight of Defendant's interrogatories. *See Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616, 619-20 (D. Kan. 2005) (overruling objection that

interrogatory seeking information about "each and every element of the design" which plaintiff contends was defective was actually multiple interrogatories that exceed the limit of allowable interrogatories). Because Defendant properly propounded only nine interrogatories, Plaintiffs' objections that Interrogatories Nos. 3-9 exceed the number of allowable interrogatories are overruled.

The Court comes to a similar conclusion with respect to Plaintiffs objection that Interrogatory Nos. 3, 4, 5, 6, and 7 and RFP Nos. 5, 6, 11, 12, 14, and 17-52 are overly broad and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' mere assertion that these discovery requests are overly broad is inadequate to voice a successful objection. *See McLeod, Alexander, Powell & Apfell, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections ... fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request."). Instead, Plaintiffs must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory or document request is overly broad or not reasonably calculated to lead to the discovery of admissible evidence. *McLeod, Alexander, Powell & Apfell*, 894 F.2d at 1485. Plaintiffs have made no such showing here. To the contrary, Defendant's discovery requests are reasonably specific and likely to lead to admissible evidence that is directly relevant to Plaintiffs' claims. Accordingly, Plaintiffs' boilerplate objections are overruled.

Finally, Plaintiffs' statements that information responsive to Interrogatory Nos. 3, 4, 5, 6, and 7 and RFP Nos. 9, 11, 15, and 47-51 will be provided by an expert witness is not a valid basis for refusing to answer discovery. As Plaintiffs have failed to timely designated any experts, they must now respond to these interrogatories themselves.

## CONCLUSION

Defendant's motion to compel (Doc. 17) is **GRANTED** in its entirety.  Within ten days of the date of this Order, Plaintiffs shall (1) serve their initial disclosures on Defendant; (2) fully and completely answer Interrogatory Nos. 3-9 of Defendant's First Set of Interrogatories to Plaintiffs; and (3) produce all documents responsive to Request Nos. 5, 6, 9, 11, 12, 14, 15, and 17-52 of Defendant's First Request for Production of Documents. Plaintiffs' failure to comply with this Order and cooperate in discovery may result in sanctions under Federal Rule of Civil Procedure 37.

SO ORDERED, April 15, 2013.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE