IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNIE FAGLIE, JR., et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:12-CV-0966-D |
| VS. § | |
| § | |
| MERITAGE HOMES OF TEXAS, LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

The motion for summary judgment of defendant Meritage Homes of Texas, LLC ("Meritage") is granted, and this action by plaintiffs Johnnie Faglie, Jr., and Patty Faglie (collectively, "the Faglies") is dismissed with prejudice by judgment filed today.[1]

I

The Faglies bring claims arising from alleged construction defects in the residence they purchased from Meritage, the builder and owner. Specifically, the Faglies sue for violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 2011), common law fraud, negligent misrepresentation, and breach of contract. On April 5, 2013 Meritage moved for summary judgment on all claims. On April 15, 2013 the parties advised the court in a joint status

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

report that they had discussed settlement and had scheduled mediation for April 24, 2013. There is no indication that the case has settled, the due date for the Faglies' response to Meritage's summary judgment motion was April 26, 2013, and the Faglies have not responded.

II

Because Meritage will not have the burden of proof at trial on the Faglies' claims, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).[2] In its brief, Meritage points out that the Faglies lack evidence of recoverable damages for any of their claims. *See* D. Br. 11-12. Meritage maintains that the Faglies' claims fall under the Residential Construction Liability Act ("RCLA"), Tex. Prop. Code Ann. §§ 27.001-.007 (West 2000 & Supp. 2012), which limits the types of damages available for claims arising from construction defects. *See* § 27.002 (prescribing that RCLA applies to "any action to recover damages or other relief arising from a construction defect, except a claim for personal injury, survival, or wrongful death or for damage to goods"); *see also* § 27.004(g) (providing that, for claims subject to RCLA, damages are limited to certain categories, such as reasonable cost of repairs). Meritage contends that the Faglies have not adduced evidence that they suffered damages recoverable under the RCLA.

---

[2]In its motion, Meritage does rely on grounds (e.g., the statute of limitations) on which it would have the burden of proof at trial. Because the court is not relying on any of these grounds, the summary judgment burdens are as explained in § II of this memorandum opinion and order.

Because Meritage has pointed to the absence of evidence on an element of each claim—damages—the Faglies must go beyond their pleadings and designate specific facts showing that there is a genuine issue for trial.  *See Celotex*, 477 U.S. at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the Faglies' favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Failure to produce proof as to any essential element renders all other facts immaterial.  *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory if the Faglies fail to meet this burden.  *Little*, 37 F.3d at 1076.

As noted, the Faglies have not responded to Meritage's motion.  Their failure to respond does not, of course, permit the court to enter a "default" summary judgment.  The court is permitted, however, to accept Meritage's evidence as undisputed.  *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.).  Moreover, the Faglies' failure to respond means that they have not designated specific facts showing that there is a genuine issue for trial on the element of damages for any of their claims.  "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Meritage has pointed to the absence of evidence on recoverable damages for each of the Faglies' claims, under the argument that the RCLA applies and limits their recoverable

damages to certain categories. As Meritage contends, the RCLA applies to the Faglies' DTPA and other claims. *See, e.g., Gentry v. Squires Constr., Inc.*, 188 S.W.3d 396, 404-05 (Tex. App. 2006, no pet.) (holding that, although the RCLA does not preempt DTPA or common law claims, it limits and controls them, provides defenses and limitations on damages, and prevails over other causes of action when in conflict, subject to narrow exceptions not relevant here). The Faglies have not adduced evidence that would permit a reasonable jury to find in their favor on the element of damages. Meritage is therefore entitled to summary judgment.

* * *

Accordingly, Meritage's April 5, 2013 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

July 3, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE